Marc Weitz (SBN 242830)
633 West 5th Street, Suite 2800
Los Angeles, CA 90071
(213) 223-2350
Fx: (213) 784-5407
marcweitz@weitzlegal.com
Attorney for: Lucky Dog Pizza, Inc. & D&M Restaurant Group, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>WEENEEZ, LLC<br><br>Debtor.<br>-------------------------------------------------<br>LUCKY DOG PIZZA, INC., a California corporation, D&M RESTAURANT GROUP, INC., a California corporation<br><br>Plaintiffs,<br><br>SETSU CARTER,<br><br>Defendant. | CASE NO. 2:10-bk-58946-ER<br><br>Adv. No. 2:11-ap-_____-ER<br><br>Assigned to the Honorable Ernest M. Robles<br><br>Chapter 7<br><br>**COMPLAINT TO 1) AVOID FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(a) (1) (A) 2) AVOID FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(a) (1) (B) 3) AVOID PREFERENTIAL TRANSFER 11 U.S.C. § 547 (b)**<br><br>DATE: To be set by court<br>TIME: To be set by court<br>DEPT: Courtroom 1568<br>   255 East Temple St.<br>   Los Angeles, CA 90012 |

Plaintiffs allege and state as follows:

### JURISDICTION, VENUE ALLEGATIONS & STANDING

1. This adversary action is a core proceeding under 28 U.S.C. §157 (b) (2) (F), 28 U.S.C. §157 (b) (2) (H), and In re Mankin, supra, 823 F2d at 1299–1300.

a. This is an adversary proceeding for declaratory relief under 11 U.S.C. § 548 (a) (1) (A), 11 U.S.C. § 548 (a) (1) (B) to avoid a fraudulent transfer.

b. This is an adversary proceeding for declaratory relief under 11 U.S.C. § 547 (b) to avoid a preferential transfer.

c. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334 (b) and the Order of reference from the United States District Court for the Central District of California.

d. The proper venue for this adversary action is the Central District of California pursuant to 28 U.S.C. §1409 (a).

e. This Adversary Proceeding is brought in the bankruptcy case of in re Weenez, LLC, 2:10-bk-58946-ER.

f. The pleader consents to entry of final orders or judgment by the bankruptcy judge.

2. Lucky Dog Pizza, Inc. and D&M Restaurant Group, Inc. are creditors of the Debtor by virtue of an indemnity agreement signed July 2, 2010 by the Debtor indemnifying Lucky Dog Pizza, Inc. and D&M Restaurant Group, Inc.

3. Plaintiffs, as an Individual creditor, have standing to bring an avoidance action for fraudulent and preferential transfers under In re Gibson Group, Inc. (6th Cir. 1995) 66 F3d 1436, 1438–1446; Matter of Boerne Hills Leasing Corp. (5th Cir. 1994) 15 F3d 57, 59–60.

4. Plaintiffs further have standing as the promissor of the Notes at issue, *infra*, and as the companies whose Shares and Options, *infra*, are at issue.

## THE PARTIES

5. Defendant SETSU CARTER ("Carter") is a third-party transferee and current holder of the transferred assets at the subject of this suit. Setsu Carter is the mother of Sid Carter, the CEO and managing member of the Debtor.

**COMPLAINT TO 1) AVOID FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(a) (1) (A) 2) AVOID FRAUDULENT TRANSFER  UNDER 11 U.S.C. § 548(a) (1) (B) 3) AVOID PREFERENTIAL TRANSFER 11 U.S.C. § 547 (b)**

6. WEENEEZ, LLC, a California LLC, is the Debtor in the above-reference Chapter 7 proceeding.

7. Plaintiffs LUCKY DOG PIZZA, INC, a California corporation ("Lucky Dog") and D&M RESTAURANT GROUP, INC., a California corporation ("D&M") ("Plaintiffs") are Creditors, promissors on the transferred notes, subject of the option and transferred shares.

## BACKGROUND FACTS

8. On February 21, 2010, the Debtor, Weeneez, LLC, and Lucky Dog entered into an asset purchase agreement whereby Debtor sold its business assets to Lucky Dog in exchange for $77,500 cash, 49% of Lucky Dog's shares ("Shares"), an option to purchase 49% of the shares of D&M ("Option"), an $8,000 note payable to the Debtor due 180 days after closing, $112,500 note payable to the Debtor ("Note 1"), and $27,000 note payable to the Debtor ("Note 2").

9. July 2, 2010, Lucky Dog and D&M signed agreements with Debtor and Carter to transfer the Shares, the Option, Note 1, and Note 2 from the Debtor to Carter. No consideration was paid by Carter to the Debtor for this transfer.

10. On November 15, 2010, Debtor filed for bankruptcy in this above-referenced case.

11. The Debtor lists the sale of its business assets to Lucky Dog in item 10 of its Statement of Financial Affairs, but fails to mention the subsequent transfer of the Shares, Option, Note 1, or Note 2 to Carter.

12. Further, the Debtor fails to list the Shares, Option, Note 1, or Note 2 under assets in its Schedule B.

**FIRST CAUSE OF ACTION – 11 U.S.C. § 548 (a) (1) (A) – Fraudulent Transfer with Actual Fraud**

**COMPLAINT TO 1) AVOID FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(a) (1) (A) 2) AVOID FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(a) (1) (B) 3) AVOID PREFERENTIAL TRANSFER 11 U.S.C. § 547 (b)**

3

13. Plaintiffs incorporate by reference all of the allegations set forth above.

14. The Debtor transferred assets: its interest in the Shares, Option, Note 1 and Note 2 ("Transferred Assets") to Setsu Carter.

15. The Transferred Assets were transferred for insignificant or no consideration or value.

16. The Debtor transferred these assets on July 2, 2010, just four-and-a-half months before filing its bankruptcy petition on November 15, 2010, this is within two years of filing its bankruptcy petition.

17. The Debtor transferred these assets with actual intent to hinder, delay, or defraud a present or future creditor, as evidenced by its failure to either list the Transferred Assets as assets of the bankruptcy estate on its Schedule B or in the Statement of Financial Affairs, and therefore hide these assets from its creditors. The transferor's concealment of facts is a badge of fraud.

18. The Debtor transferred the Transferred Assets to Setsu Carter, who is the mother of Sid Carter, the CEO and managing member of the Debtor, to protect these assets from the bankruptcy and defraud creditors.

19. The transfer from Debtor to Defendants is avoidable as a fraudulent transfer and the Transferred Assets should be brought back into the Debtor's bankruptcy estate.

## SECOND CAUSE OF ACTION – 11 U.S.C. § 548 (a) (1) (B) – Fraudulent Transfer with Constructive Fraud

20. Plaintiffs incorporate by reference all of the allegations set forth above.

21. To the extent that the Debtor did not transfer to Defendant the Transferred Assets by actual fraud they were transferred by constructive fraud.

22. The Debtor was insolvent or rendered insolvent at the time the Transferred Assets were transferred to the Defendant on July 2, 2010.

23. The transfer from Debtor to Defendants is avoidable as a fraudulent transfer and the Transferred Assets should be brought back into the Debtor's bankruptcy estate.

**COMPLAINT TO 1) AVOID FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(a) (1) (A) 2) AVOID FRAUDULENT TRANSFER  UNDER 11 U.S.C. § 548(a) (1) (B) 3) AVOID PREFERENTIAL TRANSFER 11 U.S.C. § 547 (b)**

4

1
2
3   **THIRD CAUSE OF ACTION – 11 U.S.C. § 548 (b) – Preferential Transfer**
4
5   24. Plaintiff incorporates by reference all of the allegations set forth above.
6   25. To the extent that the Debtor did not transfer to Defendant the Transferred Assets by actual or constructive fraud they were a preferential transfer.
7
8   26. Setsu Carter, the transferee of the Transferred Assets, is a creditor of the Debtor and is listed on Schedule F as a creditor owed $320,000.
9
10  27. The assets were transferred as payment of this antecedent debt.
11  28. Setsu Carter is an insider. She is the mother of Sid Carter, the CEO and managing member of the debtor.
12
13  29. The assets were transferred within one year of the bankruptcy filing.
14  30. The Debtor was insolvent at the time of the transfer.
15  31. The Debtor preferred that his mother, Setsu Carter, receive the Transferred Assets rather than pay off the other creditors of the estate.
16
17  32. The transfer from Debtor to Defendants is avoidable as a preferential transfer and the Transferred Assets should be brought back into the Debtor's bankruptcy estate.
18
19
20
21  **PRAYER**
22  Wherefore Plaintiffs Pray as Follows:
23  1. For an order determining that the Transferred Assets were fraudulently transferred to Defendant, the transfer be avoided, and the Transferred Assets belong to Debtor's bankruptcy estate pursuant to 11 U.S.C. §548 (a) (1) (A).

2. For an order determining that the Transferred Assets were fraudulently transferred to Defendant, the transfer be avoided, and the Transferred Assets belong to Debtor's bankruptcy estate pursuant to 11 U.S.C. §548 (a) (1) (B).

3. For an order determining that the Transferred Assets were fraudulently transferred to Defendant, the transfer be avoided, and the Transferred Assets belong to Debtor's bankruptcy estate pursuant to 11 U.S.C. §547 (b).

4. Recovery of attorney's fees and costs associated with this action by Plaintiffs from the Defendants pursuant to 11 USC § 503(b)(3)(B).

5. For such other and further relief as the Court deems just and proper.

DATED: August 16, 2011

Respectfully submitted,
By: /S/ MARC WEITZ
Marc Weitz
Attorney for Plaintiffs

**COMPLAINT TO 1) AVOID FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(a) (1) (A) 2) AVOID FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(a) (1) (B) 3) AVOID PREFERENTIAL TRANSFER 11 U.S.C. § 547 (b)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**FORM B104 (08/07), page 2**  2007 USBC, Central District of California

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** ||
|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

/s/ Marc Weitz

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| *Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: | CHAPTER _____ |
|---|---|
| | CASE NUMBER |
| Debtor. | ADVERSARY NUMBER |
| Plaintiff(s), | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)* |
| vs. | **SUMMONS AND NOTICE OF STATUS CONFERENCE** |
| Defendant(s). | |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date:**            **Time:**            **Courtroom:**            **Floor:**

❑ **255 East Temple Street, Los Angeles**          ❑ **411 West Fourth Street, Santa Ana**

❑ **21041 Burbank Boulevard, Woodland Hills**      ❑ **1415 State Street, Santa Barbara**

❑ **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)

**F 7004-1**

Summons and Notice of Status Conference - *Page 2*                                                F 7004-1

| In re | (SHORT TITLE) | CASE NO.: |
|---|---|---|
|  | Debtor(s). |  |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____    _____    _____
 *Date*                                 *Type Name*                                                      *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)                                                                                                    F 7004-1

CORPORATE OWNERSHIP STATEMENT

The undersigned counsel for Plaintiff D&M Restaurant Group, Inc. states that Plaintiff is a California corporation, with no parent or subsidiary, and that no corporation owns 10% or more of any class of Plaintiff's equity interests.

DATED: August 16, 2011

/s/ Marc Weitz_____
Attorney for D&M Restaurant Group, Inc.

CORPORATE OWNERSHIP STATEMENT

The undersigned counsel for Plaintiff Lucky Dog Pizza, Inc. states that Plaintiff is a California corporation, and that Weeneez, LLC owns 49% of Plaintiff's equity interests.

DATED: August 16, 2011

/s/ Marc Weitz_____
Attorney for Lucky Dog Pizza, Inc.